MAURY MILLING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10853. Promulgated March 7, 1928.

*L. H. Hammond, Esq.*, for the petitioner.
*J. D. Foley, Esq.*, for the respondent.

OPINION.

LITTLETON: For four years prior to the time when petitioner acquired its first plant in 1908, the owner of that mill had sustained operating losses. The property was sold for $8,500 and in the same year petitioner acquired it at the same value. Thereafter, at least until 1910, petitioner operated at a loss each year. From 1905 to 1910 there were two companies engaged in the milling business at Mt. Pleasant. The milling business was not sufficient to enable these two companies to operate profitably. Petitioner believed that by eliminating competition it might operate at a profit, whereupon, in 1910, it acquired the plant and business of the Webster-Locke Milling Co., which it took over at a valuation of $8,500. The petitioner's mill and that of the other company were constructed in the same year at about the same cost. Petitioner claims that the plant acquired by it in 1908 had an actual cash value at the time of $20,000 and that the plant of the Webster-Locke Milling Co. acquired in 1910 likewise had a cash value at that time of $20,000. The evidence submitted does not sustain this claim of value. The testimony of the witnesses on behalf of petitioner as to value appears to have been based upon the original cost of the properties in 1905, which in view of the other facts and circumstances, is not sufficient to establish that the two mills each had a cash value of $20,000 when acquired by the petitioner. The fact that the first property sold for $8,500 and was acquired by the petitioner in the same year at that price; that in 1910 the Webster-Locke Milling Co. was acquired by the petitioner from a competitor at a valuation of $8,500 seems to more nearly indicate the actual value of the properties at the time acquired by petitioner than does the original cost of construction. We are of the opinion that the actual cash value of each mill was not in excess of $8,500 when acquired by petitioner.

The Commissioner's refusal to consider the cost in 1910 of converting the Webster-Locke mill building into a warehouse for use in connection with petitioner's business, in his determination of invested capital, was apparently upon the ground that the petitioner had not submitted sufficient evidence relative to such cost. The evidence shows that capital expenditures totaling $3,500 were made by

petitioner in this connection and this amount should be considered in computing invested capital for the taxable year. Petitioner's claim in respect of the item of $6,762.59 in connection with the construction of buildings shortly after the fire in September, 1916, is sustained by the evidence and this amount should be considered in the computation of petitioner's invested capital for the taxable year.

*Judgment will be entered on 15 days' notice, under Rule 50.*